# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GREGORY D. SEARLS, JR. (#475896)**                        **CIVIL ACTION**

**VERSUS**

**MAJOR D. STROUGHTER, ET AL.**                              **NO. 16-0706-JWD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 21, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREGORY D. SEARLS, JR. (#475896)**              **CIVIL ACTION**

**VERSUS**

**MAJOR D. STROUGHTER, ET AL.**                  **NO. 16-0706-JWD-EWD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion for Summary Judgment of Defendants Douglas Stroughter and Marcus Allen (R. Doc. 11).[1]  This motion is not opposed.

*Pro se* Plaintiff, an inmate previously incarcerated at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Douglas Stroughter, Capt. Marcus Allen and Sgt. M. Strahan, complaining that Defendants violated his constitutional rights on August 23, 2014, by subjecting him to excessive force on that date.

Defendants Stroughter and Allen move for summary judgment asserting, *inter alia*, that

---

1   An attempt by the United States Marshal's Office to serve Defendant M. Strahan has proven unsuccessful, specifically because this Defendant is no longer employed by the State of Louisiana and, as a result, service of process was not accepted on his behalf at the offices of the Louisiana Department of Public Safety and Corrections.  *See* R. Doc. 8.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff, without good cause, to serve a defendant within 90 days of commencement of an action is justification for dismissal of that defendant from the proceeding.  Although a *pro se* inmate plaintiff is entitled to rely upon service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge."  *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987).  In the instant case, after having been notified that service had not been effected against the named Defendant, through receipt of the Marshal's Service Return on or about September 8, 2017, *see* R. Doc. 8, Plaintiff has neither propounded discovery nor taken any other action to determine the last known address of the unserved Defendant so that he might be served.  It is appropriate, therefore, that Plaintiff's claim asserted against Defendant M. Strahan be dismissed, without prejudice, for failure of Plaintiff to timely effect service upon him.

Plaintiff's claims are time-barred. Defendants rely upon the pleadings, a Statement of Undisputed Facts, and exhibits consisting of certified copies of (1) Plaintiff's pertinent administrative remedy proceedings, (2) a Bill of Information dated November 24, 2014, charging Plaintiff with one count of Battery of a Correctional Facility Employee (3) an extract from the Minutes of the 20th Judicial District Court for the Parish of East Feliciana, State of Louisiana, reflecting Plaintiff's sentence on August 23, 2016, upon a plea of guilty, to one year in confinement for the commission of a Battery upon a Correctional Facility Employee, and (4) the affidavits of Rhonda Z. Weldon and Defendants Marcus Allen and Douglas Stroughter.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges that on the morning of August 23, 2014, he was told by a correctional officer that he needed to get a haircut. According to Plaintiff, he put in a request for a haircut appointment but, because of delays attendant to a lengthy prison count, he was not able to get a haircut before lunch. Later that day, during lunch, he was asked why he had not gotten a haircut as instructed. Although he tried to explain that the prison barbershop was closed until after lunch, he was summoned to an office where he was allegedly "brutally beaten" by Defendants while in full restraints.

As noted above, the moving Defendants contend, in response to Plaintiff's allegations, that his claim is barred by the one-year limitations period applicable to claims asserted pursuant to 42 U.S.C. § 1983. As discussed hereafter, the Court finds that Defendants' contention in this regard is well-founded.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Moreover, under federal

law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.* In computing the applicable limitations period, the Court is obligated to take into account the time during which any administrative grievances filed by Plaintiff were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will toll or suspend the running of the one-year limitations period for a prisoner's claim).

In the instant case, Plaintiff alleges in his Complaint, that was filed herein on October 19, 2016, that the incident of which he complains occurred on August 23, 2014. Based upon the nature of his claim, *i.e.*, the asserted utilization of excessive force by Defendants, Plaintiff was unquestionably aware of the factual basis for his cause of action on the date that the incident occurred, well more than a year before the commencement of this proceeding in 2016. As a result, Plaintiff's cause of action accrued at such earlier point in time, and his claim relative to the referenced event clearly appears to be time-barred on the face of his Complaint.

Nor does the pendency of Plaintiff's pertinent administrative remedy proceeding affect the

Court's decision. In this regard, the record reflects that Plaintiff submitted an administrative grievance to prison officials on or about September 2, 2014, *see* R. Doc. 12-4 at p. 11, and that the referenced grievance remained pending for approximately one hundred thirty-six (136) days, until the denial thereof on January 16, 2015. *See id*. at p. 10. Accordingly, the one-year limitations period was extended by that period of time, *see Harris v. Hegmann, supra*. Notwithstanding, even discounting the period of time during which his administrative grievance was pending, it is clear that Plaintiff did not file his federal civil rights complaint in this Court until more than a year after the conclusion of the administrative proceedings.[2]

Finally, the Court notes that Plaintiff has filed no opposition in response to the instant Motion for Summary Judgment. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his prior pleadings in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at

---

2  In addition to the foregoing, Plaintiff's claim may not be properly before the Court at the present time in any event. Specifically, Plaintiff is seeking monetary damages as a result of an incident involving competing claims arising from a physical altercation between Plaintiff and correctional officers, which altercation resulted in a criminal charge being instituted against Plaintiff relative to one of the officers and which charge resulted in a conviction and sentence of confinement entered against him. Notwithstanding, the United States Supreme Court has concluded, in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff's recovery of monetary damages under § 1983 is barred if success on the claim will necessarily imply the invalidity of an outstanding criminal conviction. Under the rule announced in *Heck*, before a plaintiff may proceed under § 1983 on a claim challenging a criminal conviction or proceeding, he must be able to show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. In the instant case, a result in Plaintiff's favor may impact upon the validity of the resulting criminal conviction because Plaintiff's claim of excessive force, at least with regard to the officer who Plaintiff was criminally charged with assaulting, is inextricably intertwined with the factual predicate asserted in the criminal proceedings. As a result, because Plaintiff has not alleged that his conviction has been overturned by a court of competent jurisdiction, Plaintiff's claim of excessive force asserted against one or both Defendants may not be properly before the Court at the present time.

324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, Plaintiff's failure to oppose Defendants' motions for summary judgment allows the Court to conclude that all of the facts contained in Defendants' Statement of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, Plaintiff has not come forward with any opposition to Defendants' Motion for Summary Judgment or to the affidavits and documentary evidence produced in support thereof. Therefore, based upon Plaintiff's failure in this case to oppose Defendants' Motion, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that Defendants' Motion is well-taken and that Defendants are entitled to summary judgment as a matter of law.

## **RECOMMENDATION**

It is recommended that Plaintiff's claims asserted against Defendant M. Strahan be dismissed for failure of Plaintiff to serve this Defendant within the delays allowed by Fed. R. Civ.

P. 4(m).  It is further recommended that the Motion for Summary Judgment of Defendants Douglas Stroughter and Marcus Allen (R. Doc. 11) be granted, dismissing Plaintiff's Complaint, with prejudice, as time-barred, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 21, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**